### Alexander Hill *v.* Henry Joseph Buddington and another.

The holder of a note cannot recover on it, without proving the signatures of previous endorsers by whom he alleges that the note was transferred to him. He might have recovered against the makers, on proof of the endorsement of the payee, without proving the signatures of the subsequent endorsers, had he not set forth such endorsements, and claimed under them.

The holder of a note can strike out at. the trial those endorsements only, which have not been stated in the petition.

Appeal from the Commercial Court of New Orleans, *Watts*, J.

*Hiestand*, for the plaintiff.

*Frazer*, for the appellants.

Morphy, J.  This suit is brought against the defendants as makers of two promissory notes, drawn to the order of, and endorsed in blank by Thomas Laidlaw.   The notes are alleged to have been afterwards endorsed in blank by Osborn Cross and A. Massias.   There was a judgment for the plaintiff, from which the defendants have appealed.

Their counsel has asked for a reversal of this judgment, and for one of nonsuit against the plaintiff, on the ground, that he has not proved the signatures of the endorsers by whom he alleges the note was transferred to him, and that therefore he has not made out his case.   As the endorsement of the payee, Thomas Laidlaw, is proved by a notarial act of sale annexed to the petition, the plaintiff could have recovered under it against the makers, without proving the signatures of the subsequent endorsers, had he not set forth such endorsements, and claimed under them.   Having done so, he was bound to prove them.   It is only those endorsements which have not been stated in the declaration, that the holder has a right to strike out at the trial.   Bailey on Bills, 106.   The record, which shows no proof of the signatures of Cross and Massias, is certified to us by the clerk and by the judge.   The certificate of the clerk does not mention that the transcript contains the evidence given below, while that of the judge certifies, that it does contain all the evidence adduced by the parties on the trial of the case in the first instance.   We cannot disregard the latter certificate, and are bound to believe that we have before us all the evidence upon which the case was tried in the lower court.   From this evidence the plaintiff does not appear to have made out his case; and yet the judgment appealed from mentions, that the plaintiff has proved all the allegations of his petition.   Under these circumstances, we have thought it best not to nonsuit the plaintiff, but to remand the case for a new trial.

It is, therefore, ordered, that the judgment of the Commercial Court be reversed, and that this case be remanded for further proceedings according to law; the plaintiff or appellee to pay the costs of this appeal.